| | | | |
|---|---|---|---|
| Case No. | **EDCV 18-1534 JGB (SPx)** | Date | September 26, 2018 |
| Title | *Karla Palumbo v. JBS USA, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order (1) DENYING Plaintiff's Motion to Remand; and (2) VACATING the October 1, 2018 Hearing (IN CHAMBERS)**

Before the Court is Plaintiff Karla Palumbo's Motion to Remand. ("Motion," Dkt. No. 13.) The Court finds this Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of, and in opposition to, the Motion, the Court DENIES the Motion. The Court VACATES the October 1, 2018 hearing.

## I. BACKGROUND

On April 24, 2018, Plaintiff Karla Palumbo filed this action in the Superior Court of California, County of Riverside, under the caption Karla Palumbo v. JBS USA, et al., Case No. RIC1807471. ("Complaint," Dkt. No. 1-1.) Plaintiff alleges that she was employed by Defendants between November 10, 2016 and September 22, 2017. (Compl. ¶¶ 5-6.) On May 1, 2017, Plaintiff sustained injuries as a result of her daily operation of a meat cutter. (Id. ¶ 5.) As a result of her injuries, Plaintiff filed a workers compensation claim and sought medical treatment. (Id.) On September 22, 2017, Defendants terminated her employment without cause despite the fact that she had been injured at work and was still undergoing treatment for her injuries. (Id. ¶ 6.) Plaintiff alleges four causes of action: (1) discrimination due to physical disability in violation of California Gov. Code § 12940(a); (2) retaliatory termination in violation of California Labor Code § 132a; (3) wrongful termination; and (4) intentional infliction of emotional distress. (See Compl.)

Defendants removed the action on July 18, 2018. ("Notice of Removal," Dkt. No. 1.) They filed an Amended Notice of Removal on August 3, 2018. ("Amended Notice of Removal," Dkt. No. 9.) Plaintiff filed the instant motion on August 30, 2018. ("Motion," Dkt. No. 13.) Defendants opposed the motion on September 10, 2018. ("Opposition," Dkt. No. 17.) Plaintiff has not filed a reply to Defendants' Opposition.

## II. LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, *6 (C.D. Cal. Oct. 31, 2014). The court must resolve doubts regarding removability in favor of remanding the case to state court. Id.

The district court should first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied. See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (quoting Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). When the complaint does not specify the amount of damages, "the court may examine facts in the complaint and evidence submitted by the parties." Simmons, 209 F. Supp. 2d at 1031. The defendant bears the burden of establishing the amount in controversy at removal. Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013). The applicable standard is by a preponderance of the evidence. Id. Therefore, the defendant must offer evidence establishing that it is more likely than not that the amount in controversy exceeds $75,000, exclusive of costs and interest. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

## III. DISCUSSION

Plaintiff argues, in sum and substance, that this case should be remanded to state court because Defendants have sufficient contacts with the state of California for the proper exercise of personal jurisdiction. But the question of whether California courts have personal jurisdiction over Defendants has not been placed at issue in this case and is not relevant to whether the Court may exercise diversity jurisdiction over this case.

Plaintiff's motion does not contest that the elements necessary to establish diversity jurisdiction have been met. With regards to diversity of citizenship, Defendants have alleged that

JBS USA, LLC and Swift Beef Company were incorporated in the State of Delaware and have their principle place of business in the State of Colorado, (Amended Notice of Removal ¶ 12), which Plaintiff concedes. (Motion at 4.) Plaintiff alleged in her complaint that she is a resident of Riverside County, California and has not contested that she is a citizen of California. (Compl. ¶ 1.)

If complete diversity of citizenship between the parties is properly alleged, the district court should then determine whether the amount in controversy exceeds $75,000. The amount in controversy is not clear from the face of the Complaint. However, Defendants have set forth facts in their Notice of Removal that demonstrate that the amount in controversy more likely than not exceeds the jurisdictional minimum. Guglielmino 506 F.3d at 699. Plaintiff's Motion does not contest that the amount in controversy exceeds $75,000. Defendants have submitted a declaration showing that, in 2017, Plaintiff was paid $22,684.85, not including benefits. ("Declaration of Maxamed Xasan," Dkt. No. 1-2 ¶ 5.) Plaintiff seeks a statutory penalty of 50% of her total damages under Cal. Labor Code § 132a. (Compl. ¶ 20.) Plaintiff also seeks emotional distress damages and punitive damages. (Compl. ¶¶ 12, 14, 18, 21, 29-30, 35.) The Court considers emotional distress and punitive damages when calculating the amount in controversy. See Simmons, 209 F. Supp. 2d at 1034; Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001). Plaintiff also appears to seek recovery of attorney's fees in connection with some causes of action. (Compl. ¶¶ 13, 19.) Because Plaintiff may be entitled to the award of attorneys' fees if she prevails, the Court includes past and future attorney's fees in calculating the amount in controversy. Fritsch v. Swift Transportation Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018). Therefore, the Court finds that Defendants' Notice of Removal successfully demonstrates that the amount in controversy more likely than not exceeds the jurisdictional minimum.

Defendants' have requested attorneys' fees incurred in opposing Plaintiff's Motion, pursuant to 28 U.S.C. § 1927. (Opposition at 5.) The Court declines to award attorneys' fees to Defendants. To impose sanctions under § 1927, a court must find that the attorney subject to sanction has acted "recklessly or in bad faith." Fink v. Gomez, 239 F.3d 989, 993 (9th Cir. 2001); United States v. Associated Convalescent Enterprises, Inc., 766 F.2d 1342, 1346 (9th Cir. 1985). While Plaintiff's Motion is not a paragon of legal drafting, the Court does not find that it was filed either recklessly or in bad faith.

### IV. CONCLUSION

The Court finds that there is complete diversity of citizenship and that Defendants have established that the amount in controversy will more likely than not exceed $75,000. The Court therefore DENIES Plaintiff's Motion. Defendants' request for attorneys' fees is DENIED. The Court VACATES the October 1, 2018 hearing.

The Court instructs Plaintiff's counsel to review this district's Local Rules, in particular Local Rule 7-3. At least seven (7) days prior to the filing of any motion, except discovery motions and applications for temporary restraining orders or preliminary injunctions, counsel is required to contact opposing counsel to discuss thoroughly the substance of the contemplated motion.

Defendants have asserted that Plaintiff failed to comply with this requirement prior to filing the present Motion, and correctly note that Plaintiff's Motion does not include the required statement that a 7-3 conference took place. (Opposition at 3.) The Court has considered Plaintiff's Motion in this case. However, the Court cautions Plaintiff that future failures to comply with the Local Rules may result in the Court declining to consider Plaintiff's motion.

    **IT IS SO ORDERED.**